FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-0928 MV |
| ) | |
| **ROBERT HAACK**, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Robert Haack, and the Defendant's counsel, Todd Coberly:

### REPRESENTATION BY COUNSEL

1.  The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.  The Defendant further understands the Defendant's rights:

    a.  to plead not guilty, or having already so pleaded, to persist in that plea;

    b.  to have a trial by jury; and

    c.  at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

       3)       to testify and present evidence on the Defendant's own behalf, and

       4)       to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Counts 2, 7, and 8 of the superseding indictment, charging violations of 18 U.S.C. §§ 1159, 1343, those being Indian Arts and Crafts Act violations and wire fraud.

## SENTENCING

4. The Defendant understands that the maximum penalty provided by law for Count 2, that being wire fraud, is:

    a.    imprisonment for a period of not more than 20 years;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.    a term of supervised release of not more than 3 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

5. The Defendant understands that the maximum penalty provided by law for Counts 7&8, those being Indian Arts and Crafts Act violations, are:

      a.      imprisonment for a period of not more than 5 years;

      b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

      c.      a term of supervised release of not more than 3 years to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.      a mandatory special penalty assessment of $100.00; and

      e.      restitution as may be ordered by the Court.

6.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7.      The parties are aware that the Court will decide whether to accept or reject this plea agreement.  The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.  Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

8.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to

3

information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## **ELEMENTS OF THE OFFENSE**

9. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 2: 18 U.S.C. § 1343, that being wire fraud:

*First*: the defendant devised or intended to devise a scheme to defraud as alleged in the superseding indictment, specifically to sell jewelry advertised as made by Hopi artisan Charles Loloma, when in truth that jewelry was not made by Charles Loloma or any native American;

*Second*: the defendant acted with specific intent to defraud

*Third*: the defendant used interstate wire communications facilities for the purpose of carrying out the scheme; and

*Fourth*: the scheme employed false or fraudulent pretenses, representations or promises that were material.

Counts 7&8: 18 U.S.C. § 1159, that being Indian Arts and Crafts Act Violations:

*First*: the defendant offered or displayed for sale or sold any good;

*Second*: in a manner that falsely suggested the good was Indian produced, an Indian product, or was the product of a particular Indian, Indian Tribe, or Indian arts and crafts organization;

*Third*: the defendant committed those acts knowingly; and

*Fourth*: the goods offered, displayed, or sold, were offered, displayed, or sold for a price of $1,000 or more.

**DEFENDANT'S ADMISSION OF FACTS**

10.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the superseding indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On April 4, 2013, I, Robert Haack, under the username "Harvardantique," listed for sale on Ebay a ring advertised as a "One Owner Charles Loloma Kachina Face Ring."   In the advertisement, I falsely represented that the ring was acquired from Charles Loloma in 1984 and that it was signed by him.   In truth, that ring was not made or signed by Charles Loloma.   I sold that ring for $4,300 and mailed it to the buyer via USPS.   I did these acts knowingly.   The buyer wired me money electronically through PayPal.   I later learned that the buyer was an undercover U.S. Fish & Wildlife agent.**

**On June 15, 2014, I listed for sale on Ebay, under the username "Harvardantique," a bracelet advertised as a "One Owner Charles Loloma Modernist Katsina Face Bracelet."   In the advertisement, I falsely represented that**

5

**the ring was acquired from Charles Loloma in 1981 and that it was signed by him. I sold that bracelet for $15,098 and mailed it to the buyer via USPS. In truth, that bracelet was not made or signed by Charles Loloma.   I did these acts knowingly. The buyer wired me money electronically through PayPal.   I later learned that the buyer was an undercover U.S. Fish & Wildlife agent.**

**The sales above were a scheme I devised to sell jewelry, falsely representing that the jewelry was made by Charles Loloma.   Charles Loloma was a Native American and a member of the Hopi tribe.**

11. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

12. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of 1 year and 1 day of home confinement is the appropriate disposition in this case and, given that the restitution to be paid in this case will include victims beyond the victim addressed in the Superseding Indictment, no fine shall be ordered.   This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to

        occur. The remaining components of the Defendant's sentence, including but not limited to restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

    b.    If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## **DEFENDANT'S ADDITIONAL AGREEMENT**

13.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.    The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation related to this case.

15.    Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any

subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

16. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

17. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of 1 year and 1 day home confinement as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United

States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## **RESTITUTION**

18.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

19.     The parties further agree, pursuant to 18 U.S.C. § 3663A(a)(3), that the Defendant shall pay restitution to persons other than the victim or victims of the offense.   Specifically, the parties agree that the Defendant shall pay restitution to persons to whom the Defendant sold jewelry falsely advertised as made by Charles Loloma.   The preceding sentence shall apply only to persons to whom the defendant sold jewelry in the time period from January 1, 2008 to December 31, 2017.   In determining the restitution amount, the parties agree that:

    a.     should the person(s) deliver the jewelry purchased to the custody of the United States for proper disposal, the value of restitution, upon stipulation by the parties or upon the United States proving at a hearing that the item was not made by Charles Loloma, shall be the full amount the person(s) paid the Defendant for the jewelry;

    b.     should the person(s) instead decide to keep the jewelry purchased, the value of restitution shall be the amount the person(s) paid the Defendant minus the appraised value of the jewelry to be determined at a hearing; and

      c.      pursuant to 18 U.S.C. § 3664(e), the United States shall hold the burden of proof by a preponderance of the evidence at any hearing held for purposes of determining the amount of restitution owed by the Defendant.

## WAIVER OF APPEAL RIGHTS

20.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

21.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.      Following sentencing, the United States will move to dismiss counts 1, 3, 4, 5, and 6 of the superseding indictment.

      b.      The United States will not bring additional criminal charges against the Defendant arising out of the facts disclosed to the Defendant through discovery in this case.

22.      This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

23.      The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

24.      The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

25.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $300 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

26.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.    This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 21st day of September, 2021.

FRED J. FEDERICI
Acting United States Attorney

_____
FREDERICK T. MENDENHALL
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.    Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.    In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.    To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Todd Coberly
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
Robert Haack
Defendant


I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Marc M. Lowry
Attorney for the Defendant

13