IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff,

vs.                                                                                                                                                No. 18-CR-928 MV

ROBERT HAACK,

  Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on defense counsels' Joint Motion to Withdraw as Counsel and Request for Expedited Hearing [Doc. 180]. The government filed a Response in opposition. Doc. 181. This Court held a hearing on this matter on September 13, 2024, found that there was an irreconcilable conflict between Mr. Haack and his attorneys, and granted the motion. This Memorandum Opinion and Order reiterates and explains the Court's findings.

## BACKGROUND

On March 28, 2018, Mr. Robert Haack was charged by Indictment with two counts of Wire Fraud, in violation of 18 U.S.C. § 1343, two counts of Mail Fraud, in violation of 18 U.S.C. § 1341, and two counts of Violation of the Indian Arts and Crafts Act, in violation of 18 U.S.C. § 1159. Doc. 1. On April 9, 2019, a superseding Indictment charged Mr. Haack with an additional two counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Doc. 25. Todd Coberly entered his appearance on behalf of Mr. Haack on October 1, 2019. Doc. 42. Marc Lowry entered his appearance on behalf of Mr. Haack on September 16, 2021. Doc. 66. On October 19, 2021, Mr. Haack pled guilty to one count of Wire Fraud and two counts of Violation of the Indian

1

Arts and Crafts Act. Doc. 72. He entered into an 11(c)(1)(C) agreement with the government, stipulating to a sentence of one year and one day of home confinement and payment of restitution to the victims of the offense charged as well as anyone affected by his fraudulent sales of Charles Loloma Jewelry from 2008 to 2015. *Id.* On August 17, 2023, however, this Court rejected the plea agreement, largely based on Mr. Haack's inadequate financial disclosure and unwillingness to work with Probation. Doc. 187.  Eight days later, Mr. Haack withdrew his guilty plea. Doc. 94.

Mr. Coberly and Mr. Lowry filed the instant motion on August 19, 2024. Their motion provides the following grounds for withdrawal:

1. The attorney-client relationship between Defendant and Counsel is irretrievably broken.
2. Communication between Defendant and Counsel has completely broken down.
3. Defendant has repeatedly breached several material terms of his respective agreements with Counsel.
4. Were Counsel to continue representing Defendant, they would be in violation of the New Mexico Rules of Professional Conduct. *See* Rule 16-107(A)(2) NMRA. As such, Counsel are required to seek withdrawal. See Rule 16-116(A)(1); *see also* D.N.M.LR-Cr. 57.2.
5. Counsel are not able to continue effectively representing Defendant and Counsels' professional opinion is that Defendant's interests are best served by allowing him to retain new counsel or to proceed pro se.

Doc. 180 at 1-2. The motion further stated that "Defendant has been informed of this motion and Counsel has been informed that Defendant opposes this motion." *Id.*

## LEGAL STANDARD

District courts have wide discretion in granting or denying motions to withdraw as counsel. *United States v. Porter,* 405 F.3d 1126, 1140 (10th Cir. 2005) (district courts' decisions to grant or deny requests to substitute counsel are reviewed only for abuse of discretion). In determining whether to grant an attorney's motion to withdraw, the Court looks, *inter alia*, to the New Mexico Rules of Professional Conduct for guidance. *Strobel v. Rusch*, No. 20-CIV-11800656, 2020 WL 7318013, at *1 (D.N.M. Dec. 11, 2020).

2

The Tenth Circuit has indicated that a motion to withdraw may be granted only where there is "good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict." *Id.* (quoting *United States v. Padilla,* 819 F.2d 952, 955 (10th Cir. 1987)). Good cause "consists of more than a strategic disagreement between a defendant and his attorney" and the movant "must put forth evidence of a severe and pervasive conflict." *Id.* Where a potential conflict has arisen between a defendant and his retained counsel, "courts have a duty to balance a defendant's constitutional right to retain counsel of his choice against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process, and the orderly administration of justice." *United States v. McKeighan,* 685 F.3d 956, 968 (10th Cir. 2012) (quoting *United States v. Collins,* 920 F.2d 619, 626 (10th Cir. 1990), *superseded by statute on other grounds*) (internal quotations omitted)).

While the Tenth Circuit has not squarely addressed the question, "other federal courts considering this issue have concluded that non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *United States v. Wickens,* No. 11-CR-76, 2100 WL 13284456, at *2 (D.N.M. Sep. 16, 2011) (quoting *United States v. Parker,* 439 F.3d 81, 104 (2d Cir. 2006) (internal quotations omitted)). *See also; U.S. v. Gordon*, No. 09-CR-13, 2010 WL 503108, at *2 (N.D. Okla. 2010) (denying motion to withdraw on the basis of non-payment of fees because withdrawal would harm administration of justice and counsel filed the motion relatively close to trial); *United States v. Herbawi*, 913 F. Supp. 170, 172 (W.D.N.Y 1996) ("The withdrawal of retained counsel solely because the retained client fails to honor a fee agreement has been criticized."); *United States v. Rodriguez-Baquero*, 660 F. Supp. 259, 261 (D. Me. 1987) (denying privately-retained counsel's motion to withdraw because the only

3

reason advanced for withdrawal was counsel's poor business decision "in accepting employment by and appearing for the [d]efendant").

Judicial efficiency may require an attorney who has appeared in a criminal case to follow through with the representation. *Herbawi*, 913 F.Supp. at 172 ("The delays necessary to allow substituted counsel an adequate opportunity to familiarize themselves with their client, investigate the facts of the case, explore possible defenses to the charges and generally 'get up to speed' on the proceedings can frustrate efforts to achieve the prompt and efficient administration of justice in criminal cases."). The length and depth of counsel's representation of a client is a factor that courts consider when ruling on whether counsel may withdraw. *Wickens*, 2011 WL 13284456, at *2 (granting motion to withdraw but appointing the moving attorney as CJA counsel where the case "involve[d] factually-intensive financial fraud allegations, and the government ha[d] produced approximately 8,000 pages of digital discovery and made available for inspection approximately eight additional boxes of material."); *Gordon*, 2010 WL 503108, at *2–3, *4 (denying counsel's motion to withdraw where counsel had "accumulated extensive knowledge of both the facts and pertinent law" over the course of several years in a complex case).

## DISCUSSION

Initially, counsel argued that their withdrawal was mandatory under Rule 16-116(A) of the New Mexico Rules of Professional Conduct, which provides that a lawyer shall withdraw from representation of a client if "the representation will result in violation of the Rules of Professional Conduct or other law." In support of this argument, counsel explained that Mr. Haack's continued non-payment of fees resulted in a conflict of interest in violation of Rule 16-107(A)(2) NMRA. The Court, however, advised counsel that, in this Circuit, non-payment of fees alone does not constitute good cause for the Court to grant a motion to withdraw. Counsel then elaborated on the

4

extent of their conflict with Mr. Haack and argued that their withdrawal would be permitted under Rule 16-116(B) of the New Mexico Professional Rules of Conduct, which provides in relevant part that a lawyer may withdraw from representation if "the client has used the lawyer's services to perpetrate a crime or fraud," or if "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." The Court finds counsel's argument persuasive and, based on the evidence they provided at the hearing, the Court concludes that there has been a complete breakdown in the attorney-client relationship and that good cause exists to substitute both defense counsel.

In particular, defense counsel explained that neither Mr. Haack nor his family will communicate with them. Indeed, in an attempt to deceive the Court, Mr. Haack purported not to recognize his attorneys and feigned incompetency. *See* Doc. 184 (Dr. McDaniel's psychological report concluding that Mr. Haack was malingering his memory impairment symptoms).[1] As a result, his attorneys were unable to communicate with him for several months despite multiple attempts to speak with him and his daughter Jennifer Haack, who has power of attorney over Mr. Haack. Thus, Mr. Haack's actions have resulted in an "outright stonewalling" and complete breakdown of the attorney-client relationship. *United States v. Uehara,* No. 20-CR-1524, 2024 WL 3617537, at *3 (D.N.M. July 31, 2024) (granting motion to withdraw where defendant refused to communicate with counsel); *see also United States v. Holloway,* 939 F.3d 1088, 1099 (10th Cir. 2019) ("Conflict that results in a total breakdown of communication exists where the defendant and counsel could not, in any manner, communicate.").

---

[1] The Court notes that at a hearing on September 13, 2024, when initially asked his position on defense counsel's motion to withdraw, Mr. Haack asked whether the men sitting at counsel table were his attorneys. Later, once the Court asked Mr. Haack about his non-payment of fees, Mr. Haack's memory appeared to be intact, as he discussed his dealings with counsel and even referred to them by name.

Admittedly, this case has been pending for six years, involves serious felony charges, and the government has produced thousands of pages of discovery. While these facts weigh against granting the motion to withdraw, the Court finds that counsel made sufficient representations regarding the withdrawal factors listed in Rule 16-116(B) to establish that their continued representation of Mr. Haack would be against Mr. Haack's interest. In an *ex parte hearing,* counsel stated that they believed Mr. Haack had used their services to perpetrate a fraud on the Court and that Mr. Haack insisted on taking a course of action repugnant to both counsel. Under these circumstances, counsel represented that they would not be able to adequately represent Mr. Haack at trial. *Uehara,* 2024 WL 3617537, at *3 (a complete breakdown in communication "precludes the mounting of an adequate defense"). Thus, although the Court acknowledges that this case has been pending for six years, Mr. Haack's right to have counsel that can adequately and properly defend him outweighs any considerations of judicial efficiency. *See Wheat v. United States,* 486 U.S. 153, 159 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant.").

## CONCLUSION

Based on counsels' representations, the Court finds that there is a severe and pervasive conflict between Mr. Haack and his attorneys, and that good cause exists to grant the motion to withdraw. During the hearing, the Court ordered Mr. Haack to find new representation as soon as possible. Since trial is set for January 21, 2025, the Court orders that Mr. Haack, no later than November 1, 2024, must either retain new counsel or inform the Court that he intends to proceed *pro se*. Mr. Haack's failure to comply with this order will be considered a violation of his conditions of pre-trial release. Accordingly, if Mr. Haack fails to retain counsel or inform the Court of his intention to proceed *pr se* by November 1, 2024, he may be subject to incarceration.

**IT IS THEREFORE ORDERED** that defense counsel's Joint Motion to Withdraw [Doc. 180] is granted.

**IT IS THEREFORE FURTHER ORDERED** that no later than November 1, 2024, Mr. Haack shall either retain new counsel or inform the Court of his intention to proceed *pro se*. New counsel, if any, shall enter their appearance on the docket no later than November 1, 2024.

ENTERED this 9th day of October 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE