UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         No.18-CR-00928 MV

ROBERT HAACK

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Mr. Haack's Notice of Objections to the United States' Exhibit List [Doc. 156] and Mr. Haack's Notice of Objections to the United States' Witness List [Doc. 155]. The government filed a Response. Doc. 203. The Court heard argument on this matter at a pretrial conference on December 30, 2024. Doc. 212. At the hearing, the Court overruled the objections in part and reserved ruling in part. This Memorandum Opinion and Order restates the Court's findings.

### DISCUSSION

**I.     The Court overrules Mr. Haack's objections to Exhibits 1-3, 6.**

Mr. Haack objects to the photographs of Charles Loloma that the government intends to introduce as needlessly cumulative. Doc. 156 at 1. He argues that one photograph of Mr. Loloma should suffice as he is willing to stipulate to Mr. Loloma's identity and standing in the world of Native American Arts and Crafts. *Id.*

The government has withdrawn Exhibit 6, therefore Mr. Haack's objection to that exhibit is moot. Doc. 203 at 1. The government argues that the photographs of Mr. Loloma are not cumulative. The first photograph is a picture of Mr. Loloma, which the government argues is necessary to show the jury since Mr. Loloma is deceased. The second photograph shows Mr.

1

Loloma working on a bracelet on his work bench at his workshop. The government argues that this photograph shows that a single person, like Mr. Haack, would have been able to recreate Mr. Loloma's jewelry at home on a workbench, such as the workbench discovered on the second floor of Mr. Haack's home. The third photograph shows Mr. Loloma with several jewelry pieces next to him as well as a red reference book containing photographs of Mr. Loloma's work through the years. The government argues that this photograph is relevant because a similar reference book was discovered in Mr. Haack's home. Therefore, the photograph visually ties the reference book to both Mr. Haack and Mr. Loloma.

Of note, exclusion under Rule 403 is an "extraordinary remedy." *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999). Here, the government has articulated a specific reason why each photograph is relevant and not cumulative. Accordingly, exclusion under Rule 403 is not warranted and Mr. Haack's objections are overruled.

**II.    The Court overrules Mr. Haack's objections to Exhibits 4-5.**

Mr. Haack objects to the government admitting two photographs of Mr. Loloma and his niece, Verma Nequatewa. He contends that one photograph of Mr. Loloma and his niece is sufficient to establish their relationship.

The government states that Exhibit 4 shows Mr. Loloma, Ms. Nequatewa, and another woman in Mr. Loloma's workshop and Exhibit 5 shows Mr. Loloma at an older age with Ms. Nequatewa. The government argues that these photographs corroborate Ms. Nequatewa's expected testimony that she served as Mr. Loloma's apprentice and had a decades-long relationship with Mr. Loloma. Accordingly, this gives credence to her expertise as to Mr. Loloma's jewelry.

As with Exhibits 1-3, the government has a concrete and different reason for showing each photo and they are therefore not cumulative. Therefore, Mr. Haack's objections are overruled.

### III. Mr. Haack's objections to Exhibits 7A, 8B, and 9A are moot.

These exhibits are business certification records for records from eBay and a receipt from A&A Jewelry. Mr. Haack initially objected to these exhibits under Rules 902(11) and 902(12), but his former counsel represented at the last pretrial conference that their concerns had been resolved. Accordingly, these objections are moot. *See* Doc. 188 (Memorandum Opinion and Order admitting business records as self-authenticating).

### IV. The Court will reserve ruling on Exhibits 8 and 8A.

Exhibit 8 is a summary of Mr. Haack's sales on eBay from 2008-2015. The records list prior sales of jewelry Mr. Haack advertised as authentic Loloma jewelry. Exhibit 8A contains the underlying eBay records. The government moved to admit these records as intrinsic evidence or in the alternative as Rule 404(b) evidence, over Mr. Haack's objection. The Court granted the government's motion and found that these exhibits contained proper intrinsic evidence. *See* Doc. 179. However, the Court reserved ruling for any potential 403 issues of cumulativeness for trial. Accordingly, the Court will reserve ruling on Exhibits 8 and 8A.

### V. The Court overrules Mr. Haack's objection to Exhibit 9.

Exhibit 9 contains invoices from A&A Jewelry showing the purchase of jewelry making materials. Mr. Haack moved to exclude this evidence in his Motion to Suppress because the items were discovered on the second floor of his home and the initial warrant did not include the second floor of his home. The Court denied his motion. Docs. 143, 170. In his brief, Mr. Haack indicates that he filed this objection in order to preserve the issue. Accordingly, his objection is overruled.

### VI. The Court overrules Mr. Haack's objection to Exhibit 11.

Exhibit 11 contains an exchange between the "harvardantique" eBay account belonging to Mr. Haack and the user who purchased the ring that is the subject of Counts 1 and 3 of the Superseding

Indictment. In this exchange, the "harvardantique" user, alleged to be Mr. Haack, explains how he came to possess the Charles Loloma ring, stating that his mother and father purchased the piece in one of their many trips to the Hopi Nation between the 1960s and 1990s. Furthermore, in the exchange, "harvardantique" confirms the mailing of the ring via USPS.

Mr. Haack argues that this exchange cannot be relevant because the statements were made *after* the individual had already purchased the ring. Thus, he argues, these are not statements that could have induced the purchase of allegedly fraudulent jewelry and are irrelevant. The government argues first that the Court has already ruled that this is admissible intrinsic evidence. *See* Doc. 179. Next, the government argues that the exhibit is relevant to show that Mr. Haack used the United States Post Service to mail the ring, which is an element of the count of mail fraud. Third, the government notes that Mr. Haack's statements about how he came to possess the rings are evidence of the "scheme to defraud" that the government must prove. The Court finds that the statements are relevant to show the mailing of the ring and as evidence of the scheme to defraud that the government must prove beyond a reasonable doubt. Accordingly, Mr. Haack's objection is overruled.

VII. **The Court will reserve ruling on Exhibits 19A-19H.**

Exhibits 19A-19H are eight demonstrative exhibits of authentic Loloma jewelry pieces. The exhibits consist of rings, bracelets, bolo ties, and pendants. Mr. Haack objects to the exhibits that are not rings or bracelets and argues that they are not relevant because they are different types of jewelry from the ones listed in the Superseding Indictment. He argues that two demonstratives are sufficient for the government to compare the Loloma signatures on the authentic pieces and the pieces listed on the Indictment.

The government argues that all eight demonstratives are relevant because Mr. Haack is accused of aggravated identity theft and the government must prove that he knowingly used or possessed a means of identification of another person. The government argues that the Loloma signature on the demonstratives tends to prove that Loloma's signature was a means of identification for Mr. Loloma, as the pieces show that he used his signature ubiquitously and as a true means of identification. The demonstratives will also allow the jury to compare the signatures on the pieces charged in the Indictment and the authentic pieces of jewelry.

Because the government bears the burden of proving that the Loloma signature was a "means of identification," the Court finds that the demonstratives are relevant for that purpose and notes that several demonstratives are important to show that the signature was frequently used to mark authentic Loloma jewelry. However, given the number of demonstratives, the Court will reserve ruling on cumulativeness until trial.

**VIII.   The Court overrules Mr. Haack's objections to Exhibits 23-83.**

Exhibits 23-83 are all items recovered from the second floor of Mr. Haack's home. He sought to exclude them in his Motion to Suppress, which the Court denied. He objects to the exhibits in order to preserve the issue. Since the Court has already denied his Motion to Suppress, the Court overrules his objections.

**IX.   The Court will reserve ruling on Mr. Haack's objections to Exhibits 84-90 and overrules his objections to Exhibits 91-96.**

Exhibits 84-90 contain the eBay listings of other purported Loloma jewelry that Mr. Haack is alleged to have sold. Exhibits 91-96 contain images of correspondences with witnesses who previously purchased fraudulent jewelry from Mr. Haack. Mr. Haack objects to these exhibits as improper Rule 404(b) evidence and as unfairly prejudicial. The Court has already ruled that the

eBay listings evidence is intrinsic to the charged offenses and admissible, but reserved ruling on any potential Rule 403 cumulativeness issues. Thus, the Court will reserve ruling on Mr. Haack's objections to Exhibits 84-90. The Court has already ruled that the statements in Exhibits 91-96 are intrinsic and admissible, thus Mr. Haack's objections to these exhibits are overruled.

### X.     The Court overrules Mr. Haack's objections to the government's witness list.

Mr. Haack objects to the following witnesses: William Faust, Linda Catalino, Lori Sadosky, D. Scott Bradley. Doc. 155 at 1. With respect to Mr. Faust, the government is no longer calling this witness, as per the Second Amended Witness List [Doc. 202], therefore the objection is moot. The remaining witnesses will be presenting testimony regarding their purchases of fraudulent jewelry from Mr. Haack, which the Court has already ruled is admissible intrinsic evidence.

**IT IS SO ORDERED THAT** Mr. Haack's objections to the government's Exhibits 1-5, 9, 11, 23-83, and 91-96 are overruled.

**IT IS FURTHER ORDERED THAT** the Court reserves ruling on Exhibits 8, 8A, 19A-19H, and 84-96.

**IT IS FURTHER ORDERED THAT** Mr. Haack's objections to Exhibits 6, 7A, 8B, and 9A are moot.

**IT IS FURTHER ORDERED THAT** Mr. Haack's objections to the government's Witness List are overruled.

ENTERED this 7th day of January 2025.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE